UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YOSHIO K WHITE,<br><br>    Petitioner,<br><br>    v.<br><br>SANDRA CARTER,<br><br>    Respondent. | Case No. C06-5061RJB<br><br>ORDER TO SHOW CAUSE AND DENYING PENDING MOTIONS |

      This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Petitioner was found guilty of premeditated murder in the first degree and sentenced to 500 months on April 16th, 1996.  (Dkt. # 7).  Direct appeals in state court were concluded on December 4th, 2001.  (Dkt. # 7, Page 4).

      In 2005 petitioner filed a collateral challenge to his sentence based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  The state court concluded that because Blakely does not apply retroactively the petitioner's petition was time barred.  (Dkt. # 7, appendix A).  (Discretionary review was concluded October 6th, 2005).

ORDER- 1

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state direct appeal process was concluded December 4th, 2001 when the motion for discretionary review was denied.  More than one year elapsed prior to any subsequent filing.  Accordingly petitioner is now ORDERED to Show Cause why this petition should not be considered time barred.  A response to this order is due **March 31st, 2006.**  Failure to file a response or an inadequate response will result in a Report and Recommendation that this action be dismissed as time barred.

Petitioner's motion to stay, docket entry 4, and motion for appointment of counsel, docket entry 8, are **DENIED.**

The clerk is directed to send copies of this order to petitioner, note the **March 31st, 2006** date on the calendar and remove docket entries 4 and 8.

DATED this 28th day of February, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER- 2