UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOSHIO KADOMA WHITE,

    Petitioner,

    v.

SANDRA CARTER,

    Respondent.

Case No. C06-5061RJB

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION

    This matter comes before the Court upon the Report and Recommendation of the Hon. Karen L. Strombom United States Magistrate Judge. Dkt.14. The Court has reviewed all documents filed in support of and in opposition to this Report and Recommendation, the entire file, and is fully advised.

## I. **FACTS**

    Petitioner challenges his 500 month sentence imposed following his 1996 first degree murder conviction. Dkt. 7. On March 13, 1998, the Washington Court of Appeals, Division Two, upheld his conviction, on direct appeal, but remanded the matter to Superior Court for reconsideration of the grounds for the sentence, which was outside the standard range. *State v. White*, 89 Wash.App. 1055 (1998). Petitioner was again re-sentenced outside the standard range to 500 months in 1999. Dkt. 7. According to the record submitted by the Petitioner, the Washington Court of Appeals,

ORDER -1

Division Two, affirmed his judgment and sentence on April 24, 2001, and issued its mandate on December 18, 2001. Dkt. 15, at 22. The record is unclear between December 18, 2001 and July of 2004. However, Petitioner makes references to a post conviction collateral attack of his exceptional sentence that may have been pending at that time. Dkt. 15. In July of 2004, Petitioner filed post-conviction collateral review of his exceptional sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Dkt. 15, at 24. The Washington Court of Appeals, Division Two dismissed the petition. *Id.* On October 6, 2005, the Washington State Supreme Court denied review, and noted that "under the then-controlling caselaw, *Apprendi* did not apply to sentences that merely exceeded the standard range." *Id.*

Petitioner filed this writ of habeas corpus on February 2, 2006. Dkt. 1. On April 12, 2006, Judge Strombom issued a Report and Recommendation, urging this matter be dismissed with prejudice because the petition is time barred pursuant to 28 U.S.C. § 2244(d). Dkt. 14. Petitioner filed objections. Dkt. 15.

II. **DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection

Although it is unclear from the objections, it appears that Petitioner is arguing that his post-conviction collateral attack of his exceptional sentence was either pending and/or was stayed and so

ORDER -2

the one year limitation period has not expired. Dkt. 15. The Court cannot make this determination without the state court record.

Petitioner also appears to be attempting to argue the exception to the one year statue of limitations found in 28 U.S.C. § 2244(d)(1)(C). Dkt. 15. That is, in light of *Blakely* his one year limitation period began in July 2004 "the date on which the constitutional right asserted was initially recognized by the Supreme Court." *Id*. In order to resolve whether this matter is time barred, and whether an exception to the time bar applies, this matter should be re-referred to the Magistrate Judge in order to review the state court record and for further proceedings.

### III. **ORDER**

(1) The Court **DECLINES TO ADOPT** the Report and Recommendation;

(2) This matter is **RE-REFERRED** to the Magistrate Judge for further proceedings.

(3) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. Karen L. Strombom.

DATED this 19th day of May, 2006.

Robert J. Bryan
United States District Judge

ORDER -3