UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOSHIO KADOMA WHITE,

               Petitioner,

     v.

SANDRA CARTER,

               Respondent.

Case No.  C06-5061 RJB/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**December 29, 2006**

      This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner challenges his 500 month sentence following his 1996 first degree murder conviction.  (Dkt. # 7). Petitioner filed this writ of habeas corpus on February 2, 2006.  (Dkt. # 1).  On April 12, 2006, this Court issued a Report and Recommendation, urging that the matter be dismissed with prejudice because the petition is time barred pursuant to 28 U.S.C. § 2244(d).  (Dkt. # 14).  Petitioner filed objections (Dkt. # 15).  The Honorable Robert J. Bryan declined to adopt the Report and Recommendation without the benefit of the state court record to determine whether Petitioner's post-conviction collateral attack of his exceptional sentence was either pending and/or stayed so as to toll the statute of limitations.  (Dkt. # 16).

      Respondent has now answered (Dkt. # 22), the relevant state court proceedings have been submitted and reviewed (Dkt. # 23), and Petitioner has replied (Dkt. # 24).  Respondent argues that this Court should dismiss the petition for lack of subject-matter jurisdiction as Petitioner failed to

REPORT AND RECOMMENDATION
Page - 1

comply with section 2244(b)(3) requirements.  After reviewing the file and the Court's own records, this Court agrees.  This is Petitioner's second habeas corpus petition.  Before filing, he was required to comply with the requirements of 28 U.S.C. § 2244(b)(3).  He has not done so.  Accordingly, this Court recommends that the file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

<u>DISCUSSION</u>

Petitioner is in state custody and is confined at the Stafford Creek Correctional Center, pursuant to his 1999 first-degree murder conviction.  (Dkt. # 23, Exh. 1).  Petitioner was originally sentenced in 1996, but on direct appeal the Court of Appeals vacated the sentence and remanded; in 1999, Petitioner was re-sentenced to the same length of confinement of the original sentence.  (<u>Id</u>. at 6).

Petitioner's direct appeal of that sentence terminated on December 4, 2001, when the Washington Supreme Court denied review.  (<u>Id</u>., Exh. 2).  On December 28, 2001, Petitioner signed his first habeas corpus petition.  (<u>Id</u>., Exh. 3, <u>White v. Carter</u>, U.S. District Court, Western District, Case No. 02-5006RJB).  On March 23, 2003, this Court denied the petition and dismissed it with prejudice.  (<u>Id</u>., Exh. 4).  Petitioner appealed.  The appeal ended on May 26, 2004, when the Ninth Circuit Court of Appeals denied all of his pending motions.  (<u>Id</u>., Exh. 5).

On July 9, 2004, Petitioner filed a motion to vacate his judgment which was treated as a personal restraint petition.  (<u>Id</u>., Exh. 6).  The Court of Appeals dismissed it as untimely.  (<u>Id</u>., Exh. 7).  Petitioner moved for review.  (<u>Id</u>., Exh. 8).  The petition terminated on January 11, 2006, when the Supreme Court denied Petitioner's motion to modify.  (<u>Id</u>., Exh. 9).

On January 31, 2006, Petitioner filed his second habeas corpus petition, presenting the Court with one ground for relief, that of "Exceptional Sentence."  (Dkt. # 7 at 5).  Respondent argues that as this is Petitioner's second habeas corpus petition, he had to comply with the requirements 28

REPORT AND RECOMMENDATION
Page - 2

U.S.C. § 2244(b)(3) before filing it.  As he failed to do so, this Court should dismiss the petition for lack of subject-matter jurisdiction.

Ninth Circuit Rule 22-3 (a) states:

(a)     **Application**.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application Must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Section 2244(b)(3) required Petitioner to move the Ninth Circuit Court of Appeals for an order authorizing this Court to consider this petition. There is no indication in the records that Petitioner attempted to comply with the requirements of this section.  Respondent's counsel states that he searched the Ninth Circuit Court of Appeals database to confirm that Petitioner never moved for such an authorization in the Ninth Circuit.

Petitioner's previous habeas petition presented claims of juror misconduct, ineffective assistance of counsel, right to testify, cumulative errors, and prosecutorial misconduct.  The petition was denied on the merits and dismissed with prejudice.  Accordingly, the instant petition should be treated as a "second or successive" petition and should be transferred in accordance with Rule 22-3(a).[1]

---

[1]Although the overriding issue here is the Court's jurisdiction in light of Petitioner's successive challenge, the Court is also mindful of the timeliness of this habeas petition.  Petitioner's judgment and sentence, on remand, became final in March of 2002 (90 days after the Washington Supreme Court denied his petition for review).  (Dkt. # 23, Exh. 2).  The time from December 28, 2001 to May 26, 2004, when his habeas corpus petition and appeal in the Ninth Circuit were pending, did not toll AEDPA's 2244(d)(1) one-year statute of limitations.  *See* Duncan v. Walker, 533 U.S. 167, 181-182 (2001) ("[A]n application for federal habeas corpus review is not 'an application for state post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.")

REPORT AND RECOMMENDATION
Page - 3

**CONCLUSION**

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 29, 2006,** as noted in the caption.

DATED this 29th  day of November, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4